446 A.2d 630

**Evelyn TOWNSEND and Catherine Judith Townsend**

v.

**Darryl E. R. TOWNSEND, Appellant.**

Superior Court of Pennsylvania.

Argued June 1, 1981.

Filed June 4, 1982.

David C. Patten, West Chester, for appellant.

Paul C. Van Dyke, Media, for appellees.

Before McEWEN, MONTEMURO and SHERTZ, JJ.

McEWEN, Judge:

We here consider an appeal from an Order of the Chancellor expressing interpretation of a property settlement agreement and directing appellant to complete certain payments provided for by that agreement. We affirm.

Evelyn Townsend and Darryl E. R. Townsend were married in 1957. Two daughters were born of the union including Catherine Judith Townsend, an appellee herein, who was born on November 19, 1960. The parents, prior to a 1973 divorce, entered into a property settlement agreement which is the subject of this equity proceeding. Two paragraphs of that property settlement agreement are the subject of this appeal, namely:

3. Husband shall pay to Wife the sum of $1,000.00 per month calculated as follows: $350 per month for Wife and $325 per month for support of each child. Payment of Wife's support shall continue for lifetime of Husband or until such time as Wife may remarry or dies. Payments to each child shall continue until each arrives at the age of eighteen (18) years or for as long as such child attends a college or university on a full time basis, not to exceed four years. Emancipation before that time will end child's support. Remarriage of Wife will not affect the amount of children's support. Upon the emancipation or graduation of the youngest child as aforesaid, it is agreed that Wife's support shall remain at $350 per month.

6. Husband agrees that he will pay all tuition, fee and book expenses incident to the post-high school education of their said children, including undergraduate college, provided he is consulted in advance of registration of the child at training school or college and his approval is given, it being understood that such approval is not to be unreasonably or capriciously withheld. However, if Husband does not consent to the training school or college selected by the Wife and children, he shall be bound to pay tuition fees for a training school or college equivalent to that of a non-boarding student at a college or school in the area of the residence of the Wife and children. It is further agreed that Wife shall pay room, board and living expenses of each child at such post-high school institution up to $1,000 (One Thousand Dollars) per year. Husband shall pay any reasonable required living expense beyond that figure.

The appellant resides in Illinois while Catherine Judith resides with her mother in Pennsylvania and attends Mount Holyoke College in Massachusetts. While the Chancellor made certain rulings required by reason of the fact that Catherine Judith is pursuing her college studies at an institution outside the area of her residence, only one of those issues is the subject of an appeal to this Court.

As we review the case, the following facts form the basis of the contention of the appellant:

Paragraph three provides that he "shall pay to Wife the sum of $1,000.00 per month calculated as follows: $350 per month for Wife and $325 per month for support of each child.... Payments to each child shall continue until each arrives at the age of eighteen (18) years or for as long as such child attends a college or university on a full time basis, not to exceed four years."

Paragraph six sets forth the agreement of the father and mother that the mother "shall pay room, board and living expenses of each child at such post-high school institution up to $1,000 (One Thousand Dollars) per year. Husband shall pay any reasonable required living expense beyond that figure."

The fees for room and board at Mount Holyoke College at the time of the proceedings before the Chancellor was $2,270.

The Chancellor, the learned Chester County Common Pleas Court Judge Lawrence E. Wood, properly framed the issue under appeal as follows:

Insofar as $1,000 is not sufficient to cover Catherine's "room, board and living expenses" at Mount Holyoke (as those terms are used in paragraph 6), may Father get credit for all or any part of his "support" payment under paragraph 3 for the excess "living expense" which he is obliged to pay under paragraph 6?

Judge Wood, in his adjudication of this issue, declared:

[W]e note at the outset that if we give Father credit for the $325 per month he has been paying under paragraph 3, we have effectively denied any content or meaning to the

stricture concerning excess living expenses in paragraph 6. We think the better interpretation is to recognize that Mother's expenses for her daughter continue even though she is away at college, so that the $325 payable under paragraph 3 was not meant to be used to defray "living expenses" under paragraph 6. The latter seems to us to be intended to refer to room, board, toiletries, and the like, incurred wholly as the result of being at college.

We were given little evidence on what living expenses might cost over and above the room and board, but we do note that room and board itself was $2,270 last year and will be almost $2,600 this year. We think that Daughter could use her $325 per month toward personal toiletries and the like, and so we will direct that Father's "living expense" obligation include only the "excess room and board" costs.

The Pennsylvania Supreme Court considered a somewhat similar situation in *Wiegand v. Wiegand*, 349 Pa. 517, 37 A.2d 492 (1944). The father had agreed to pay the sum of $125.00 per month for the support of each of his children during minority and, in addition to that monthly payment, to pay for school tuitions and expenses as well as for a four year college course for each child. The father sought to reduce the monthly payments for support and maintenance from $125.00 per month to $62.50 per month while his daughter was away at college. The court directed the father to provide for payment to the mother of the full amount for maintenance and support of the child while away at college. The court concluded that the father had intended that there would be a family home for the benefit of the children and that such a home could not be dismantled in part or diminished in size while a particular child was away at school. While the agreement in *Wiegand* expressly noted a family home would be maintained, a similar intention is every bit, although impliedly, as clear in the instant case.

The father in *Wiegand* sought, of course, to enlarge the agreement that had been negotiated and concluded. The

Supreme Court observed that had the father desired another arrangement, the agreement should have been so written. The same observation is every bit as pertinent to the request here made by appellant.

■ It is indisputable that absent a manifest abuse of discretion, an appellate court will not reverse the decision of an equity court. *Long John Silver's, Inc. v. Fiore*, 255 Pa.Super. 183, 386 A.2d 569 (1978).

■ There was no abuse of discretion in this case. The conclusion of the Chancellor is not only an eminently equitable decision under the facts of this case but also quite legally sound.

Order affirmed.

SHERTZ, J., did not participate in the consideration or decision of this case.